9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lorenzo A. ULIBARRI, Plaintiff-Appellant,
v.
SECRETARY OF THE INTERIOR BRUCE BABBITT, Defendant-Appellee.
 No. 93-1313.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Lorenzo Ulibarri filed a pro se complaint in the district court consisting of five single-sentence paragraphs asserting conclusory allegations apparently connected to his former employment. Acting on its own motion, the district court dismissed the complaint for failure to comply with the requirements of Fed.R.Civ.P. 8. Even granting the pro se pleading the liberality to which it is entitled, we have no choice but to agree with the district court. We therefore affirm.
 
 
 3
 Reviewing the record, which contains correspondence to and from Mr. Ulibarri, we glean that his contract as a teacher for the Bureau of Indian Affairs was not renewed. The complaint asserts a "procedural error" was committed during the course of plaintiff's appeal of that decision, but it fails to identify the error. Plaintiff complained this "procedure was done routinely with no intention of abiding by the facts of the case," but he did not identify the person or persons responsible nor did he disclose what the "facts of the case" were. Plaintiff also asserted "the tape based on the plaintiff's nonrenewal [hearing] wasn't audible," but he failed to set forth what harm he suffered as a consequence. He also stated he wanted to present "additional evidence" and would submit to a "polygraph test concerning the information presented."
 
 
 4
 On appeal, Mr. Ulibarri's arguments are more expansive but still fail to bear much information. He asserts additional conclusive statements but fails to argue why the district court erred. The only relief he seeks is for this court to award him "severance pay."
 
 
 5
 Our only jurisdiction is to determine whether the district court erred in dismissing the complaint. Because the district court plainly and correctly pointed out the very basic ways in which the complaint was not even marginally sufficient, we cannot hold the district court erred. Moreover, we have no power to order anyone to grant him "severance pay" even if the nonrenewal of Mr. Ulibarri's contract entitled him to such compensation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3